IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-327-D
No. 5:16-CV-383-D

|                             |     |        |
|-----------------------------|-----|--------|
| ANTONIO JERMAINE MOORE,     | )   |        |
|                             | )   |        |
| Petitioner,                 | )   |        |
|                             | )   |        |
| v.                          | )   | **ORDER** |
|                             | )   |        |
| UNITED STATES OF AMERICA,   | )   |        |
|                             | )   |        |
| Respondent.                 | )   |        |

On June 13, 2016, Antonio Jermaine Moore ("Moore") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 264-month sentence [D.E. 124]. On November 23, 2016, the government moved to dismiss Moore's motion [D.E. 139] and filed a supporting memorandum [D.E. 140]. On December 19, 2016, Moore responded in opposition [D.E. 148]. As explained below, the court grants the government's motion to dismiss.

I.

On January 25, 2010, pursuant to a written plea agreement, Moore pleaded guilty to conspiracy to distribute and possess with the intent to distribute more than 50 grams of cocaine base (crack) and a quantity of cocaine in violation of 21 U.S.C. § 846 (count one) and possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924 (count eight) [D.E. 1, 55]. On May 4, 2010, the court calculated Moore's applicable advisory guideline range to be 360 months to life, granted the government's motion for a downward departure under U.S.S.G. § 5K1.1, and sentenced Moore to 264 months' imprisonment on count one and 120 months' imprisonment one count eight, to run concurrently. See [D.E. 79] 9–10, 23; see also [D.E. 68–69]. Moore did not appeal his

conviction or sentence.

In Moore's section 2255 motion, he alleges that his judgment is void under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), and that his sentence is excessive. <u>See</u> [D.E. 124] 4–5. The government disagrees and has moved to dismiss Moore's motion for failure to state a claim upon which relief can be granted. <u>See</u> [D.E. 139, 140].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677–78 (2009); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 562–63, 570 (2007); <u>Coleman v. Md. Court of Appeals</u>, 626 F.3d 187, 190 (4th Cir. 2010), <u>aff'd</u>, 566 U.S. 30 (2012); <u>Giarratano v. Johnson</u>, 521 F.3d 298, 302 (4th Cir. 2008); <u>accord</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. <u>See, e.g.</u>, <u>Iqbal</u>, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." <u>Giarratano</u>, 521 F.3d at 302 (quotation omitted); <u>see</u> <u>Iqbal</u>, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. <u>See, e.g.</u>, Fed. R. Evid. 201; <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 322 (2007); <u>Philips v. Pitt Cty. Mem'l Hosp.</u>, 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); <u>see</u> <u>United States v. McGill</u>, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. <u>See, e.g.</u>, <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 n.4 (1977); <u>United States v. Dyess</u>, 730 F.3d 354, 359–60 (4th Cir. 2013).

Section 2255(f) contains a one-year statute of limitations. Section 2255(f) provides that the

one-year clock is triggered by one of four conditions, whichever occurs last:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4); see Johnson v. United States, 544 U.S. 295, 299–300 (2005); Whiteside

v. United States, 775 F.3d 180, 182–83 (4th Cir. 2014) (en banc). A criminal appeal must be filed

within fourteen days after the court enters judgment of conviction. See Fed. R. App. P. 4(b)(1)(A)(i).

If a defendant does not appeal his judgment, a conviction becomes final for purposes of section

2255's statute of limitations when the fourteen-day appeal period expires. See Clay v. United States,

537 U.S. 522, 532 (2003). But cf. United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001)

(holding that a conviction becomes final for purposes of section 2255's statute of limitations on the

date judgment is entered if a defendant fails to file a direct appeal).

Moore's judgment of conviction was entered on May 4, 2010 [D.E. 69]. Therefore, under

Clay, his judgment became final on May 19, 2010, and his period within which to file a section 2255

motion ended on May 19, 2011. See, e.g., Clay, 537 U.S. at 532. Moore, however, did not file his

section 2255 motion until June 13, 2016 [D.E. 124]. Thus, Moore's section 2255 motion is untimely

under section 2255(f). Furthermore, Moore has not alleged that any governmental action prevented

him from filing a timely motion, that his motion is based on a right newly recognized by the Supreme

3

Court, or that his motion is based on facts that could not have been discovered earlier through the exercise of due diligence. Accordingly, Moore's section 2255 motion is untimely under section 2255(f).

Alternatively, Moore may not bring his claim under section 2255. Moore's section 2255 motion is premised on an alleged void judgment under Johnson and an excessive sentence. Johnson, however, has nothing to do with Moore's advisory guideline range. See PSR ¶¶ 24–36, 58–78. Moreover, a petitioner generally may not use section 2255 to challenge the calculation of his advisory guideline range. See United States v. Foote, 784 F.3d 931, 936–40 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); see also Whiteside, 775 F.3d at 183–87; United States v. Mikalajunas, 186 F.3d 490, 495–96 (4th Cir. 1999).

Alternatively, Moore's plea agreement contains an appellate waiver. See [D.E. 55] ¶ 2(c). In the waiver, Moore agreed

> [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

Id. In light of Moore's Rule 11 proceeding, the appellate waiver is enforceable. See United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Moore's claims fall within the appellate waiver. Accordingly, the waiver bars the claims.

4

Alternatively, Moore procedurally defaulted these two claims by failing to raise them on direct appeal. Thus, the general rule of procedural default bars Moore from presenting these claims under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Moreover, Moore has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged errors about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Mikalajunas, 186 F.3d at 493–95.

After reviewing the claims presented in Moore's motion, the court finds that reasonable jurists would not find the court's treatment of Moore's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 139], DISMISSES Moore's section 2255 motion [D.E. 124], and DENIES a certificate of appealability.

SO ORDERED. This 24 day of April 2017.

JAMES C. DEVER III
Chief United States District Judge

5